**A & M CONSTRUCTION COMPANY, INC., a corporation, et al., Petitioners,**

v.

**Merle LANSDEN, District Judge, Texas County, Oklahoma, Respondent.**

No. 48925.

Supreme Court of Oklahoma.

March 2, 1976.

Tryon, Sweet, Field & Petty, and Ogden, Ogden & Board, Guymon, for petitioners.

Merle Lansden, District Judge, Texas County, pro se.

DAVISON, Justice:

The Board of County Commissioners of Texas County, Oklahoma, offered five tracts of land in Texas County for sale under the terms of 56 O.S. §§ 121–126. The highest and best bidders were: Tract I—Petitioner, Ronald D. Vaughn; Tract III—Petitioners, M. F. Wirtz and Douglas Wirtz; and Tract V—Petitioner, A & M Construction Company, Inc. The bids for these three tracts were approved and accepted by the Board of County Commissioners. Tracts II and IV did not sell.

At a hearing for confirmation of these sales on September 24, 1975, in Case No. C–75–45, in the District Court of Texas County, the respondent District Judge refused to confirm the sale of the three tracts of land on the grounds that the Notice of Sale was improper and not in accordance with the statutes of the State of Oklahoma. No other objection to the proceedings is indicated in the order.

None of the proceedings are before us except for the Notice of Sale and the court's order. In respondent's response filed herein, he indicates the sale was otherwise proper and that the only question before this court is whether or not the notice was in substantial compliance with the statutes of this State. His objection to the notice had to do not with its substance, but with its form. He states this point as:

> "The notice was not signed by any official of Texas County, Oklahoma, and at the most appears to be merely a classified advertisement rather than a legal notice of sale as required by the Statutes of the State of Oklahoma."

This is not an adversary matter and the respondent welcomes a decision by the court so as to prevent future title problems.

The notice provision of the statutes involved here, 56 O.S. § 123, reads as follows:

> "Upon the return of the appraisement as provided for in section two of this act, the board of county commissioners shall give notice of such sale by publication in some newspaper of general circulation in the county for a period of thirty days."

The following notice was published from April 19, 1975, to May 24, 1975:

\* \* \* \* \* \*

Commissioner Sale of Land

The County Commissioners of Texas County, Oklahoma, offer the following described tracts of land for sale by sealed bids:

TRACT I—NE–4 of Section 24, Township 3 North, Range 14 ECM, Surface and one-half (½) minerals;

TRACT II—NW–4 of the SE–4 of Section 24, Township 3 North, Range 14 ECM, less the East 33 ft. of said tract Surface only;

TRACT III—NE–4 of the SE–4 of Section 24, Township 3 North, Range 14 ECM, less the West 33 ft. of said tract, Surface only;

TRACT IV—SW–4 of the SE–4 of Section 24, Township 3 North, Range 14 ECM, less the East 33 ft. of said tract, Surface only;

TRACT V—SE–4 of the SE–4 of Section 24, Township 3 North, Range 14 ECM, less the West 33 ft. of said tract, Surface only.

Terms to be ten percent (10 percent) down on day of sale, balance on approval of Title.

The County Commissioners reserve the right to reject any and all bids.

All bids to be in the Office of the Texas County Commissioners by May 29, 1975.

\* \* \* \* \* \*

We fully appreciate the respondent's desire to see that no title question be raised at a future date and thus an expression of this court on the question of whether the notice need be signed by the Board of County Commissioners or some county official.

There is no provision in the statute that requires that the notice be signed. Any requirement for a signature would be directed solely toward seeing that prospective purchasers would be advised from whom the notice eminates, i. e., that the parties lawfully entitled under the law to make the sale were the ones who were acting and in whose name the notice is being given. Here we feel this problem is fully taken care of by the statement in the body of the notice that the property was being offered for sale by the Board of County Commissioners of Texas County. No purpose would be served by requiring a signature thereon.

We hold that under the statute, 56 O.S. § 123, no signature need be shown where the body of the instrument clearly shows who is giving the notice and conducting the sale. We find and hold that the Notice of Sale referred to above was sufficient to meet the requirements of 56 O.S. § 123.

Original jurisdiction is assumed and a Writ of Mandamus is issued to respondent to confirm the sales in question subject to his finding as set out in the response that all other requirements were satisfactorily met.

All the Justices concur.